O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACKELINE ALMEIDA, ET AL.,<br><br>        Plaintiff,<br><br>   v.<br><br>CITY OF LONG BEACH, ET AL.,<br><br>        Defendants. | Case No. CV 19-08391 DDP (RAOx)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS MONELL CLAIMS**<br><br>[Dkt. 21] |

Presently before the court is Defendant City of Long Beach ("the City")'s Motion to Dismiss. Having considered the submissions of the parties and heard oral argument, the court grants the motion and adopts the following Order.

**I. Background**

Early on the morning of November 10, 2018, Alan Ramos was arrested in the city of Long Beach. (First Amended Complaint ("FAC") ¶ 1.) On the afternoon of November 11, Long Beach police officers tased Ramos while he was in a jail cell. (FAC ¶ 13.) Ramos later died, allegedly as a result of the tasing. (Id.)

Plaintiffs, Ramos' minor child and mother, brought this civil rights action against the City and several unnamed officer defendants. Plaintiffs bring three causes of action against the

City for violation of 42 U.S.C. § 1983.  The City now moves to dismiss all three causes of action asserted against it.

## II. Legal Standard

A complaint will survive a motion to dismiss when it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). When considering a Rule 12(b)(6) motion, a court must "accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000). Although a complaint need not include "detailed factual allegations," it must offer "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal,556 U.S. at 678.  Conclusory allegations or allegations that are no more than a statement of a legal conclusion "are not entitled to the assumption of truth." Id. at 679. In other words, a pleading that merely offers "labels and conclusions," a "formulaic recitation of the elements," or "naked assertions" will not be sufficient to state a claim upon which relief can be granted. Id. at 678 (citations and internal quotation marks omitted).

"When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief." Id. at 1950. Plaintiffs must allege "plausible grounds to infer" that their claims rise "above the speculative level." Twombly, 550 U.S. at 555-56.  "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing

2

court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

**III. Discussion**

All three of the claims against the City are brought pursuant to 42 U.S.C. § 1983 and Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658 (1978). Plaintiffs bring separate causes of action under ratification, failure to train, and unconstitutional policy, practice, or custom theories.

A. Ratification

A plaintiff may establish Monell liability by proving "that an official with final policy-making authority ratified a subordinate's unconstitutional decision or action and the basis for it." Gillette v. Delmore, 979 F.2d 1342, 1346–47 (9th Cir. 1992). "[R]atification of conduct . . . can be shown by a municipality's post-event conduct, including its conduct in an investigation of the incident." Dorger v. City of Napa, No. 12-CV-440 YGR, 2012 WL 3791447, at *5 (N.D. Cal. Aug. 31, 2012).

Plaintiffs allege that the City determined that the use of force against Ramos was "within policy," and that the City failed to discipline any of the police officers involved. (FAC ¶ 56.) Courts have found ratification where post-event investigations suffer from "flawed procedures." See, e.g., Larez v. City of Los Angeles, 946 F.2d 630, 647 (9th Cir. 1991) (finding municipal liability where investigation "contained holes and inconsistencies that should have been visible to any reasonable police administrator." (internal quotation and alteration omitted)). "A single decision by a municipal policymaker "may be sufficient to trigger section 1983 liability under Monell, . . . but the

plaintiff must show that the triggering decision was the product of a conscious, affirmative choice to ratify the conduct in question." Haugen v. Brosseau, 339 F.3d 857, 875 (9th Cir. 2003) (reversed on other grounds, 543 U.S. 194 (2004)). "Courts in this circuit have stopped short of holding that a plaintiff can prove Monell liability simply on the basis of a defendant department's post-incident ratification through failure to discipline or take other action concerning the officer directly involved." Mueller v. Cruz, No. SACV1301274CJCJCGX, 2015 WL 9455565, at *3 (C.D. Cal. Dec. 23, 2015).

Plaintiffs here allege nothing more than a single instance of a municipal entity failing to discipline police officers. That lone allegation cannot support a ratification theory of Monell liability. Compare Dorger, 2012 WL 3791447, at *6 (denying motion to dismiss where complaint also alleged that investigators ignored eyewitness testimony and that grand jury report chastised police department for delaying investigation for sixteen months).

B. Failure to Train

Although a failure to train can be shown by a single incident that demonstrates a "patently obvious" failure to train, generally, a plaintiff can only succeed on a failure to train theory of Monell liability by showing a pattern of violations. Connick v. Thompson, 563 U.S. 51, 64, 70 (2011); see also Dillman v. Tuolumne Cty., No. 1:13-CV-00404 LJO, 2013 WL 1907379, at *14 (E.D. Cal. May 7, 2013). Furthermore, "the identified deficiency in the training program must be closely related to the ultimate injury." City of Canton, Ohio v. Harris, 489 U.S. 378, 379 (1989).

The FAC alleges various failures to train, all of them so
broad that they fail to satisfy Federal Rule of Procedure Rule 8,
let alone identify a close relationship between the alleged
failures and the injuries alleged.  The FAC alleges, for example,
that the City failed to adequately train officers in "situational
awareness," "effective communication," and "how to de-escalate
interactions with residents."  (FAC ¶ 63.)  The FAC goes on to
allege several other instances of constitutional violations on the
part of Long Beach police officers, none of which involve a use of
force on someone in custody, and not all of which are even alleged
to have resulted in a finding of municipal liability or failure to
train.  (FAC ¶ 65.)  These allegations cannot sustain a Monell
claim on a failure to train theory.

    C.   Policy, Practice, or Custom

         Plaintiffs' police, practice, or custom allegations largely
mirror the recitation of other, unrelated (and in some cases,
unproven) instances of unconstitutional use of force in Long Beach
made in Plaintiffs' failure to train claim, with additional
allegations that Long Beach police (1) use a messaging system that
automatically deletes messages and (2) adhere to a "blue code of
silence."  (FAC ¶¶ 72(c), (k)).  The relevance of these allegations
is not clear, and  Plaintiffs appear to concede that their policy
and practice claim is based on nothing more than a "bare
allegation."  (Opp. at 13:22-25.)

         Plaintiffs contend that their bare allegations are sufficient
on the basis the Ninth Circuit's pronouncement in Galbraith v.
Cnty. of Santa Clara that "a claim of municipal liability under [§]
1983 is sufficient to withstand a motion to dismiss even if the

                                5

claim is based on nothing more than a bare allegation that the individual officers' conduct conformed to official policy, custom, or practice." Galbraith v. Cnty. of Santa Clara, 307 F.3d 1119, 1127 (9th Cir.2002) (alteration in original). As other courts have explained, however, "[t]his low threshold . . . cannot survive after the Supreme Court rejected '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements' in Iqbal. Since Iqbal, courts have repeatedly rejected such conclusory allegations that lack factual content from which one could plausibly infer Monell liability." Via v. City of Fairfield, 833 F. Supp. 2d 1189, 1196 (E.D. Cal. 2011) (internal citation omitted); see also Dougherty v. City of Covina, 654 F.3d 892, 900 (9th Cir. 2011) (affirming dismissal of Monell claims for failure to meet Twombly plausibility standard).

**IV. Conclusion**

For the reasons stated above, Defendant's Motion to Dismiss is GRANTED. Plaintiffs' Fourth, Fifth, and Sixth Causes of Action are DISMISSED, with leave to amend. Any amended complaint shall be filed within 30 days of the date of this Order.

IT IS SO ORDERED.

Dated: February 4, 2020

DEAN D. PREGERSON
United States District Judge

6